UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
XIUPING LU AND XIA LIN

                      Plaintiffs,

   - against –

CHINESE BODY WORK AND BIN CHENG,
                      Defendants.
───────────────────────────────

**MEMORANDUM OF LAW ON BEHALF OF BIN CHENG**

Docket # 10-5887

Defendant Bin Cheng, as and for a reply memorandum to the Plaintiff's motion for default, submits as follows:

### POINT I: For the court to have personal jurisdiction in this matter, plaintiffs must properly serve defendant according to FRCP Rule 4

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (U.S. 1950). Without adequate notice, a court cannot exercise personal jurisdiction over the defendant and subject her to the court's authority. *See World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 291 (1980). Federal Rule of Civil Procedure 4(c) requires a party commencing an action in federal court to serve a summons and complaint upon the defendant, which effectively operates to comport litigation in the federal courts with the constitutional requirement of notice. *See*

FRCP 4. Thus, when a party fails to complete service in substantial compliance with Rule 4, the court cannot exert personal jurisdiction over the defendant. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. Cal. 1982); *see also Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. N.Y. 1978)(a suit is susceptible to dismissal for want of personal jurisdiction if service is not accomplished according to the methods prescribed in Rule 4).

In this case, plaintiffs attempted to effect service through what is commonly referred to in New York as "nail and mail" service. FRCP Rule 4(e) authorizes a party to accomplish service using the local state law of the district in which the defendant resides. FRCP 4(e). The Civil Practice Law and Rules of New York § 308 delineates the proper methods of accomplishing service in New York. *See* CPLR § 308. There are two prongs to completing "nail and mail" service: when personal service is not possible despite due diligence, a party may complete service by 1) affixing a copy of the summons to the defendant's actual place of business, dwelling, or "usual place of abode" and 2) mailing the summons to the actual place of business or last known residence of defendant. CPLR § 308(c)

CPLR Rule 306 requires proof of service in the form of an affidavit specifying "the papers served, the person who was served and the date, time, address" and, in the case of "nail and mail" service, the dates, addresses and the times of attempted service. CPLR §306(a), (c).

**POINT II: Plaintiffs did not strictly abide by the requirements of "nail and mail" service as delineated by CPLR § 306 by failing to attempt service at a dwelling, usual place of abode, or actual place of business**

Plaintiffs' proffered affidavits of service states that service was attempted at two locations. First, personal service was attempted on April 8, 2011. The summons and complaint

were then affixed to the premises of 33-70 Prince St. on April 9, 2011. The summons and complaint were then mailed on April 11, 2011, however, no address is provided as to where this mailing was directed. Likewise, after attempts at personal service, the summons and complaint were affixed to the premises of 43-30 162nd St. Flushing, New York on April 9, 2011. Again, on April 11, 2011, a copy of the summons and complaint was mailed, but no address is provided as to where this mailing was directed.

New York courts require service of process to be made "in strict compliance with statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308." *Estate of Waterman v. Jones*, 46 A.D.3d 63, 65 (N.Y. App. Div. 2d Dep't 2007). The requirement of notice is not met in this case because Plaintiffs failed to strictly comply with the requirements of "nail and mail" service. As evidenced by Ms. Cheng's sworn affidavit, the locations at 33-70 Prince St. and 43-30 162nd St. Flushing, New York are not, and have never been, Ms. Cheng's dwellings or usual places of abode. Ms. Cheng did work at a business located at 33-70 Prince St. Queens, New York and 43-130 162nd St. Flushing, New York, but ceased working there in October of 2010 and has not worked there anytime thereafter. As such, the two locations were not Ms. Cheng's place of actual business as understood by CPLR § 308(6) at the time service was attempted. Furthermore, plaintiffs were aware that Ms. Cheng no longer worked at those locations. Accordingly, plaintiffs failed to affix the summons and complaint to Ms. Cheng's dwelling, usual place of abode, or actual place of business, failing the first prong of "nail and mail" service.

Furthermore, the affidavit of service does not specify the locations to which the mailings of the summons and complaint were made. Because it fails to state that mailings were made to

either the actual place of business or the last known address of Ms. Cheng, plaintiffs have failed the second prong of "nail and mail" service.

### POINT III: Plaintiffs improperly resorted to "nail and mail" service without exercising due diligence because plaintiffs only attempted service on a business address known to be no longer used by defendant, and by failing to make any attempt at learning defendant's home addresses

Plaintiffs did not exercise due diligence in attempting service on Ms. Cheng. New York courts require strict observance of the due diligence requirement and when a process server fails to take steps to ascertain the true address of the defendant, this requirement is failed. *See Moran v. Harting*, 212 A.D.2d 517, 518 (N.Y. App. Div. 2d Dep't 1995). Plaintiffs knew that Ms. Cheng had stopped working at the locations where service was attempted. Ms. Cheng has resided in Valatie, New York since November of 2010. Furthermore, Ms. Cheng's driver's license, a public record, provides her address as 142-20 41 Ave 4C Flushing, New York. No attempt was made by plaintiffs or the process server to learn of either of these two addresses.

Instead, the process server attempted to serve Ms. Cheng at locations the plaintiffs knew Ms. Cheng no longer worked at, ensuring she would not be present and receive the service. When a process server makes such perfunctory attempts at service to locations where there is little expectation the defendant will be present, due diligence has not been accomplished. *See, e.g., County of Nassau v. Long*, 35 A.D.3d 787, 787-788 (N.Y. App. Div. 2d Dep't 2006)(attempts at personal service at the home of defendant during business hours, when process server reasonably knew defendant would be at work did not constitute due diligence, and use of "nail and mail" service was improper); *Earle v. Valente*, 302 A.D.2d 353 (N.Y. App. Div. 2d

Dep't 2003)(a similar situation). Without taking meaningful steps to learn of Ms. Cheng's home addresses and only attempting service at business locations Ms. Cheng no longer worked at, the requirement of due diligence was unmet in this case and the process server improperly resorted to "nail and mail" service.

Accordingly, by improperly resorting to "nail and mail" service, and by failing to accomplish "nail and mail' service properly in any case, plaintiffs did not satisfy New York's strict requirements for service. In so failing, plaintiffs have further failed to substantially comply with FRCP Rule 4's service requirements. As a result of the failure of proper service, Ms. Cheng did not have appropriate notice of this action and the court cannot exercise personal jurisdiction over Ms. Cheng without violating her constitutional right to due process.

## CONCLUSION

In conclusion, it is respectfully submitted that the court must deny plaintiffs' motion for default judgment in full for want of personal jurisdiction as a result of plaintiffs' failure to give proper notice to Ms. Cheng of this action.

Dated: May 6, 2013

_____
KEVIN A. LUIBRAND
Luibrand Law Firm, PLLC
Attorneys for Defendant
950 New Loudon Road
Suite 270
Latham, New York  12110
Telephone:  (518)783-1100
Facsimile:  (518)783-1901
E-mail:  kluibrand@luibrandlaw.com